UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCELLA BANDERAS, as Personal Representative of the Estate of JOSE BANDERAS,

    Plaintiff,

v.                          Case No: 2:14-cv-188-FtM-38DNC

CHRYSLER GROUP, LLC,

    Defendant.
_____/

**ORDER**[1]

This matter comes before the Court upon review of the Complaint (Doc. #1) filed on April 1, 2014. Plaintiff Marcella Banderas, in her capacity as the personal representative of Jose Banderas' estate, initiated a products liability and negligence action against Defendant Chrysler Group, LLC based on diversity jurisdiction. (Doc. #1).

Diversity jurisdiction exists where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorneys' fees; and (2) there is complete diversity of citizenship. See 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action directly filed in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving jurisdiction. See

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007).  Here, Plaintiff sufficiently pleads the amount in controversy exceeds $75,000.00, but fails to establish diversity of citizenship.

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).  Domicile is the place of an individual's true, fixed, and permanent home and to which he has the intention of returning whenever he is absent therefrom.  See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citations omitted).  Domicile is not synonymous with residence. See McCormick, 293 F.3d at 1257 (stating that an individual is a citizen where he is domiciled, not necessarily where he is a resident).  Where, as here, an estate is a party, the complaint must allege the decedent's citizenship, rather than his residence, to invoke diversity jurisdiction. 28 U.S.C. § 1332(c)(2).  The decedent "is deemed to be a citizen of the state in which []he was domiciled at the time of h[is] death." King, 505 F.3d at 1170.

Moreover, a limited liability company ("LLC"), like Defendant, is a citizen of every state in which one of its members is located. See Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2012 U.S. Dist. LEXIS 119535, at *8 (M.D. Fla. Aug. 23, 2012) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020 (11th Cir. 2004)).  Each member of the LLC must be diverse from the plaintiff.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) ("Since Strawbridge v. Curtiss, 7 U.S. 267 (1806), we have read the statutory formulation 'between . . . citizens of different States' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants.").

Here, Plaintiff has not met her burden of adequately pleading citizenship as the personal representative of the estate, and that of Defendant. Decedent Jose Bonderas' domicile is unknown to the Court because the Complaint merely states that he was a resident Lee County, Florida at all times in question.[2] See 28 U.S.C. § 1332(c)(2) (stating "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). Plaintiff cannot, as she tries here, rely on a party's residence alone to properly allege diversity of citizenship. Moreover, although Plaintiff alleges that Defendant is a foreign corporation and was authorized and doing business in the State of Florida, she fails to state the citizenship of Defendants' members. It is, therefore, unknown whether each member of Defendant is diverse from Plaintiff. See Moreno, 2012 U.S. Dist. LEXIS 119535, at *8.

The Court, therefore, finds that it lacks diversity jurisdiction over this case. Nonetheless, the Court will allow Plaintiff a period of time to establish its jurisdiction. Failure to comply with this Order may result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**. Plaintiffs shall have up to and including **April 21, 2014**, to file an amended complaint that properly alleges this Court's subject matter jurisdiction. Failure to do so may result in the case being dismissed without further notice.

---

[2] The Complaint also alleges that Plaintiff, at all times relevant to this matter, is and was a resident of Lee County, Florida. (Doc. #1).

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of April, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record